**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Tedros Kidanu,** | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| *v.* | § | **CASE NO. 1:26-CV-511-ADA-ML** |
| | § | |
| **Charlotte Collins, Warden, et al.,** | § | |
| | § | |
| *Respondents,* | § | |

## ORDER DISMISSING PETITION

In this case, the petitioner, Tedros Kidanu, filed a petition for a writ of habeas corpus arguing that he should be released under 28 U.S.C. § 2241. Dkt. 1 ¶ 4. Petitioner argues that under *Zadvydas v. Davis*, his continued detention is unlawful. *Id.* (citing 533 U.S. 678, 687-88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001)). Petitioner maintains that his removal order became final in August 2018, that he was re-detained in July 2025, and that he remains detained in violation of the Immigration and Nationality Act (INA) and constitution because ICE is unable to deport him to his country of origin, Eritrea. *Id.* ¶¶ 1-3.

The Court ordered Respondents to respond (Dkt. 4), which Respondents timely did. Dkt. 6. Respondents argue that Petitioner's claims lack merit and should be denied because there is no showing that removal is unlikely in the foreseeable future, and even if the burden has shifted to Respondents, they can show that removal is likely in the foreseeable future. *Id.* at 1-2. Respondents outline the factual background of this case and argue that Petitioner has been non-compliant and uncooperative with removal efforts, but Enforcement and Removal Operations (ERO) is working to obtain travel documents which will allow for his removal to Eritrea. *Id.* at 3-4.

The INA's post-removal-period detention provision does not permit indefinite detention of an alien beyond the 90–day removal period in the event government is unable to remove, but rather contains implicit limitation of detention period to that reasonably necessary to bring about removal; the provision that Attorney General "may" continue to detain alien who is a "risk to the community or unlikely to comply with the order of removal" is not a grant of unlimited discretion, and once removal is no longer reasonably foreseeable, continued detention is no longer authorized under the INA. *See Zadvydas,* 533 U.S. at 690. Section 1231(a)(6) "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" but "does not permit indefinite detention." *Id.* at 679. The Court in *Zadvydas* recognized six months as a presumptively reasonable period of post-order detention but made clear that the presumption "does not mean that every alien not removed must be released after six months." *Id.* at 701. After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.*

Here, the Court finds that Respondents have shown that there is a likelihood of removal in the reasonably foreseeable future, because the ERO is still engaged in efforts to obtain travel documents from Eritrea. The ERO is still engaged in this removal process, despite Petitioner's non-compliance and refusal to cooperate. Respondents have demonstrated that there is an increase in removals to Eritrea in the past years. Dkt. 6 at 6-7. The Court finds that Petitioner's continued detention while the ERO completes the process of obtaining travel documents and executing the final order of removal does not violate Petitioner's rights.

The petition is therefore **DENIED** without prejudice to refiling.

**IT IS SO ORDERED.**

**SIGNED** on June 8, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE